IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01153-MSK-PAC

ROCKY MOUNTAIN TECHNOLOGY ENGINEERING COMPANY, LLC,

    Plaintiff(s),

v.

HUTCHENS INDUSTRIES, INC.,

    Defendant(s).

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Unopposed Motion for Entry of Agreed Protective Order [filed February 28, 2006; Doc. No. 20] is **GRANTED**.  With the interlineation in paragraph 19, requiring counsel to comply with D.C.Colo.LCivR 7.2 and 7.3, the attached Protective Order is made an order of the Court this date.

Dated: March 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01153-MSK-PAC

ROCKY MOUNTAIN TECHNOLOGY
ENGINEERING COMPANY, LLC

        Plaintiff,

vs.

HUTCHENS INDUSTRIES, INC.

        Defendant.

## PROTECTIVE ORDER

Rocky Mountain Technology Engineering Company, LLC ("RMTEC") and Hutchens Industries, Inc. ("Hutchens"), having determined that certain documents and information produced or to be produced during discovery in the above action should be kept confidential in order to protect the legitimate business interests of the parties and their customers, business partners, and other non-parties to this action and having agreed by and through their respective counsel to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), it is HEREBY ORDERED:

1.    Copies of all documents and things produced by any party shall be numbered and shall include a prefix which differs from any prefix used by another party and makes clear the identity of the producing party.

2.    Any party to this action, and any non-party from whom discovery is sought in connection with this action and who agrees to be bound by the procedures of this Order, may designate as

{00063834.DOC/}

EXHIBIT

"Confidential"
or
"Confidential – Outside Counsel's Eyes Only"

any documents, testimony, or other discovery material to the extent permitted in this Order.

3. No designation of confidentiality shall be made unless the designating party or non-party from whom discovery is sought believes in good faith that the designated material constitutes a trade secret or other confidential research, development, technical or commercial information, or other information entitled to protection under the Federal Rules of Civil Procedure. As used in this Order, "Confidential Information" shall refer to any document, testimony, or other discovery material designated "Confidential" or "Confidential – Outside Counsel's Eyes Only," as well as all copies thereof, all abstracts, summaries, notes, or other derivations thereof, and shall also refer to the information contained in such material.

4. Until or unless the Court rules otherwise, Confidential Information shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees, provided that any such person is directly involved in preparation or trial of this case. As used herein, "outside counsel" shall mean attorneys for the respective firms who have made appearances in the case for their clients.

(b) Except as otherwise provided in paragraph 5 herein, a corporate representative designated by each party in this case, provided that each such corporate representative agrees to be bound by the provisions of the undertaking attached as Exhibit A, and has signed such undertaking. The names of such corporate representatives, along with copies of their signed Exhibit A's, shall be provided to the producing party, who shall have seven (7) business days to object to disclosures under this Order. In the event that a corporate representative ceases to be

employed by a party, such corporate representative may be replaced by another person designated by the party as corporate representative, provided that the replacement corporate representative follows the procedures set forth in this paragraph 4 (b).

(c)   Outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties, but who are specifically engaged by counsel or the parties to assist in this litigation; provided, however, that (i) any such consultant/expert has signed an undertaking in the form of the attached Exhibit B; (ii) a copy of (a) the signed undertaking, (b) a curriculum vitae of the proposed consultant/expert, (c) an identification of any past or present employment or consulting relationship with any party or any related company, and (d) an identification of the other cases in which the consultant/expert has testified at trial or in deposition in the last four (4) years, is served on all counsel of record at least ten (10) business days before the confidential material is shown to such consultant/expert; and (iii) no party objects in writing to such disclosure within those ten (10) business days. If any such objection is made, the procedures set forth in paragraph 6 below must be followed before any disclosure of Confidential Information may be made to that consultant/expert as to material produced by the objecting party.

(d)   Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only," who have been previously identified to the party producing confidential materials, having first agreed to be bound by the provisions of the undertaking attached as Exhibit B, and having signed such undertaking.

(e)   Any court reporter and video recorder operator retained by any party to record a deposition in this case.

(f) The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" under this Protective Order.

5. Confidential Information marked or otherwise designated as "Confidential – Outside Counsel's Eyes Only," is further restricted in that it shall not be disclosed to any person identified in category 5(b) above. The parties agree, without limitation, that the following categories of information qualify for the designation "Confidential – Outside Counsel's Eyes Only":

(a) Damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins for products);

(b) Non-public technical information, including computer source and object code, schematic diagrams, technical reference manuals, operations manuals, other explanations of the operation of the technology, development documents and the like relating to the accused products; and

(c) Non-public information that specifically identifies customers.

6. Within ten (10) business days after a party's receipt of the information and signed undertaking described in paragraph 4(c), the party may object in writing to the proposed consultant/expert if facts available to that party show that there is a reasonable likelihood that the proposed consultant/expert will use or disclose Confidential Information for purposes other than those permitted by this Protective Order. The written objection shall set forth the specific factual basis for the objection. Failure to object in writing to a proposed consultant/expert within ten (10) business days shall be deemed approval of the disclosure, but shall not preclude a party from objecting to continued access to Confidential Information by that consultant/expert where

facts subsequently learned by the party or its counsel suggest that a basis for objection exists. If the other party so objects, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the parties' dispute is not thereby resolved, then the objecting party may seek a ruling from the Court. The objecting party shall have ten (10) business days after the parties have met and conferred to file a motion seeking such a ruling from the Court. The objecting party's failures to file a motion within that a time period shall constitute a waiver of that party's objections. Pending a ruling by the Court, the proposed consultant/expert shall not have access to Confidential Information designated by the objecting party unless such access has been previously approved by the objecting party.

7. This Order is without prejudice to later agreements or requests to the Court to give certain employees and / or corporate representatives of the parties access to certain information designated "Confidential– Outside Counsel's Eyes Only."

8. Any third-party witness (also including any former director, officer, agent and/or employee of a producing party) may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential" or "Confidential– Outside Counsel's Eyes Only" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness, or if the producing party so agrees. If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of confidential information received at deposition or trial.

9. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "Confidential– Outside Counsel's Eyes Only." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

10. In the case of documents containing Confidential Information, the legend "Confidential" or "Confidential – Outside Counsel's Eyes Only" shall be affixed to each page of the documents at the time such documents are produced, or as soon thereafter as the producing party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. All documents produced from hard copy shall be marked in accordance with this paragraph, even if produced in the form of electronic images.

11. In the case of documents produced on magnetic, optical or other encoded media (except for images of hard copy documents), the producing party shall affix the legend "Confidential" or "Confidential – Outside Counsel's Eyes Only" as appropriate, on the outside of the storage medium (e.g., the magnetic disk enclosure or CD-ROM). Material designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" shall not be produced on the same physical media as any other material not bearing the same designation. A receiving party desiring to make electronic copies of such media or portions thereof shall – if permitted to make such copies under the terms of this Protective Order -- affix the same designation on the copy as exists on the original, produced medium. A receiving party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically – if permitted to

make such copies under the terms of this Protective Order – shall place on each page of such hard copy the same designation as is applicable to the electronically stored copy.

12. Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" by an appropriate statement at the time of the giving of such testimony. When such a statement is made, all parties shall maintain the deposition or hearing transcript and information contained therein as so designated up until thirty (30) days after receipt of a copy of the transcript. During that period, the party desiring to maintain confidentiality more than thirty (30) days after a received party's receipt of a copy of the transcript must designate in writing those portions of the transcript regarded as "Confidential" or "Confidential – Outside Counsel's Eyes Only." Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order. Designation in writing may be made by instructing the court reporter to so mark the copy of the transcript either during the deposition or during the thirty (30) day period after receipt of the transcript. For convenience, the parties may agree to designate the entire transcript of a deposition as confidential.

13. Discovery material produced without the designation of "Confidential" or "Confidential – Outside Counsel's Eyes Only" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall make a good faith effort to promptly collect any copies that have been provided to individuals other than those authorized in paragraphs 4 and 5 of this Order and shall destroy or return them to the producing party or affix appropriate designations thereto.

14. A party may challenge a designation by another party at any time. After conferring in good-faith with opposing counsel in an effort to resolve the issue, a party that challenges a designation by another party may move the Court to order a lower designation, e.g., from "Confidential – Outside Counsel's Eyes Only" to "Confidential," or de-designation of any material.

15. If a party inadvertently produces a document that it later discovers to be a privileged document (*i.e.*, a document covered by the attorney-client, work-product doctrine, common interest doctrine, or other applicable privilege), the production of that document shall not be deemed to constitute the waiver of any applicable privilege. In such circumstances, the producing party must immediately notify the receiving party in writing of the inadvertent production and request the return or confirmed destruction of the privileged materials. Within ten business (10) days after receiving such notification, the receiving party shall either: (a) return or confirm destruction of all such materials, including any summaries thereof; or (b) apply to the Court for a ruling that the document is not in fact privileged. In any application to the Court under this paragraph, the allegedly privileged document may, as appropriate, be disclosed for *in camera* inspection by the Court, but pending the Court's ruling, may not otherwise be used. If the Court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein.

16. All discovery material exchanged between the parties in this action, whether designated under provisions of this Protective Order or not, shall be used solely for the prosecution or defense of the claims in these actions.

17. If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other

form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) within two business days after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

18.     Within 60 days after the conclusion of this case, including any appeals, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the receiving party, receiving counsel shall certify in writing that such material has been destroyed. Counsel of record may retain one set of all deposition and trial transcripts and exhibits and all papers filed with the court, including any Confidential Information filed under seal.

19.     No "Confidential" or "Confidential – Outside Counsel's Eyes Only"" material shall be filed in the public record of this action. [Counsel shall follow DC Colo LCivR 7.2+7.3 re:] Any document or thing containing or embodying [filing documents under seal.] such Confidential Information material shall be filed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall

contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Protective Order.

20.   The restrictions set forth in any of the preceding paragraphs, including paragraphs 4 and 5, shall not apply to information or material that:

(a)   was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(b)   is acquired by the non-designating party from a third party having the right to disclose such information or material;

(c)   was lawfully possessed by the non-designating party prior to the entry by the Court of this Protective Order; or

(d)   was independently developed by the non-designating party without reference to or reliance on the producing party's Confidential Information.

21.   This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

22.   Nothing in this Order prevents a party from disclosing its own documents and information as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Order. Such agreements may be submitted to the Court for entry as an order.

23.   A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his final report and all materials on which he relied.

24.     It is the intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court upon notice to the other party hereto and upon a showing of good cause. If this case proceeds to trial, the parties shall meet and confer on the procedures necessary to protect the confidentiality of any documents, information and transcripts used in Court during trial.

So ORDERED and SIGNED this 7th day of March 2006.

s/ PATRICIA A COAN
~~Marcia S. Krieger~~ PATRICIA A COAN
United States ~~District Judge~~ MAGISTRATE JUDGE

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE COLORADO DISTRICT

Civil Action No. 05-cv-01153-MSK-PAC

ROCKY MOUNTAIN TECHNOLOGY
ENGINEERING COMPANY, LLC

  Plaintiff,

vs.

HUTCHENS INDUSTRIES, INC.

  Defendant.

---

**ALLEGIANCE TO PROTECTIVE ORDER**

---

STATE OF     )
          ) SS:
COUNTY OF     )

  I, _____ a corporate representative for _____, am involved in the above action. I hereby acknowledge that I am about to receive Confidential Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

  I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

  Except as otherwise permitted by this Protective Order, I will not share information that I obtain under this Protective Order inside my company, and I will discuss recommendations that I

make based on such information, without sharing the substance of Confidential Information, only with senior management making decisions about the litigation.

I will return all materials containing Confidential Information, copies thereof, and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained as required by paragraph 19 of the Protective Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Protective Order.

I make the above statements under penalty of perjury.

 

Printed Name:_____
Company Name/ Address/ Phone:

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE COLORADO DISTRICT

Civil Action No. 05-cv-01153-MSK-PAC

ROCKY MOUNTAIN TECHNOLOGY
ENGINEERING COMPANY, LLC

    Plaintiff,

vs.

HUTCHENS INDUSTRIES, INC.

    Defendant.

---

### ALLEGIANCE TO PROTECTIVE ORDER

STATE OF _____ )
                           ) SS:
COUNTY OF _____ )

    I, _____, having been retained by _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am about the receive Confidential Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

    I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

{00063834.DOC/}

I will return all materials containing Confidential Information, copies thereof, and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained as required by paragraph 19 of the Protective Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Protective Order.

I make the above statements under penalty of perjury.

                          Printed Name:_____
                          Company Name/ Address/ Phone: